■ WILLIAM F. MARSANO, Petitioner, v STATE BANK OF ALBANY, Respondent, UNITED STATES OF AMERICA, Intervenor-Respondent, and ANTHONY B. CATALDO, Intervenor-Appellant.—Appeal from a judgment and order of the Supreme Court at Special Term, entered December 17, 1970 in Albany County. This case, involving lien priorities between the United States of America and Anthony B. Cataldo, was decided by us in *Marsano v State Bank of Albany* (27 AD2d 411). The facts are set forth at length in our previous opinion. We found that although the tax liens were not properly filed and would not under normal circumstances take priority over Cataldo's lien, they had priority by virtue of the settlement agreement to which he was a party. Cataldo was found to have waived his right to an attorney's charging lien both as attorney for the taxpayer and as cotrustee for the fund to be deposited. We then remitted the matter to Special Term to determine the exact amount of tax liabilities and the date from which interest was to be computed. On October 18, 1969, a hearing was held at Special Term for the purpose of establishing the amount of the Government's claim. Special Term found that the total liability for the last three quarters of 1961 and the first three quarters of 1962 was $22,014.99. The total payments were $18,071.72 leaving an amount due and owing of $3,943.27. This figure represents the balance of unpaid taxes established by the evidence to be due for the third quarter of 1961. The interest accrued on the lien up to and including March 18, 1969 (inclusive of lien fees) was established at $2,070.94 for a combined total of $6,014.21 as of March 18, 1969. From that date until the date of payment, Special Term found that interest continues to accrue at the rate of 65 cents per diem. We note parenthetically that the figure used in the judgment and order is incorrectly stated to be 64 cents per diem. Cataldo contends that this court's prior opinion remanding the case to the trial court limited the Government's claim to the liability for the first quarter of 1962 set forth in a notice of levy served on the taxpayer March 14, 1962, which liability was subsequently paid by the taxpayer. He further contends that the decision did not give priority to the lien created by the notice of levy filed in January of 1962 for unpaid taxes for the third quarter of 1961, which taxes remained unpaid in the amounts hereinabove set forth. We reject these contentions. Our opinion

rests upon the stipulation of settlement which by its very wording provides that the funds shall be retained in the trust account " 'until such time as the plaintiff delivers to the defendants a release or discharge of *all levies* made by the federal government for taxes' " (emphasis supplied) *(Marsano v State Bank of Albany, supra,* p 412). By our decision in *Marsano v State Bank of Albany (supra),* it was our holding that all liens of the Government up to and including that of March 14, 1962, and not just the lien of March 14, 1962, have priority over the charging and retaining liens of Cataldo. Judgment and order modified, on the law and the facts, by amending the second decretal paragraph thereof, so as to provide that interest shall accrue on the sum and from the date therein indicated at the rate of 65 cents per diem until date of payment, and, as so modified, affirmed, with costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.